WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Everett Chee Laughing,<br><br>    Petitioner/Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-16-08141-PCT-JAT<br>CR-10-8074-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 1.) This case was referred to a Magistrate Judge, who issued a Report and Recommendation (Doc. 8) recommending that this Court find that the Motion in this case is barred by the statute of limitations, and is not subject to equitable tolling pursuant to § 2255. The Magistrate Judge further recommends that an evidentiary hearing is not warranted regarding Petitioner's claims. (Doc. 8.)

In reviewing a Report and Recommendation ("R&R"), this Court must conduct a de novo review of any portion of the R&R to which either party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Circ. 2003) (en banc). Although Petitioner does not raise any cognizable objections in his filed Objection (Doc. 9), the Court will review the motion de novo.[1]

---

[1] Petitioner objects to the R&R for not addressing Ground Two of his Motion (Doc. 1), however Count Two was dismissed by Order of the Court. (Doc 3 at 2.)

> On April 13, 2010, an Indictment charged Movant with Aggravated Sexual Abuse (Count One), Kidnapping (Count Two), and Assault Resulting in Serious Bodily Injury (Count Three). (CR Doc. 1.)[2] On February 9, 2011, Movant pleaded guilty to Count Three pursuant to a plea agreement. (CR Doc. 35.) . . . .
>
> . . . .
>
> On September 1, 2011, the Court sentenced Movant to 120 months imprisonment and three years of supervised release. (CR Doc. 49 at 1.)
>
> On September 12 and 13, 2011, Movant and his attorney filed a Notice of Appeal. (CR Docs. 51, 52.) On March 6, 2013, the Ninth Circuit Court of Appeals granted Movant's motion to voluntarily dismiss his appeal. (CR Doc. 65.) The Order also stated the Order acted as "the mandate of this court." (*Id.*)
>
> On April 16, 2014, Movant filed a Motion for Clarification. (CR Doc. 67.) . . . . On May 16, 2014, the Court denied the Motion. (CR Doc. 68.)
>
> On June 23, 2016, Movant [moved] to Vacate, Set Aside, or Correct Sentence. (Doc. 1.)
>
> . . . .
>
> On October 5, 2016, Respondent filed a Response. (Doc. 5.) Movant did not file a reply.
>
> On November 23, 2016, Movant also filed a "Notice of Intent/Notice of Interest." (Doc. 6.) Movant asserts the Court charged him "unlawfully because my original crime was not against the UNITED STATES OF AMERICA, but was committed on the reservation." (*Id.* at 1.) He asserts the indictment was insufficient, the Court lacks jurisdiction, and his tribe has "inherent sovereign immunity." (*Id.*)

(Doc. 8 at 2-3.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for defendants to file habeas petitions, starting when their convictions become final. 28 U.S.C. § 2244(d) (2006). "[F]or federal criminal defendants

---

[2] Citations to "CR Doc." are to the docket in the underlying criminal case, CR 10-8074-PCT-JAT.

who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). The Seventh Circuit Court has held that a movant under § 2255 was entitled to a 90-day window to petition for certiorari after his appeal was dismissed. *Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008).

In this case, Petitioner's motion to voluntarily dismiss his appeal was granted by the Ninth Circuit Court of Appeals on March 6, 2013. If the Petitioner's clock began running 90 days after his appeal was dismissed, his conviction would have been final on June 5, 2013. Therefore, the § 2255 motion was due on June 5, 2014, but it was filed June 23, 2016. Accordingly, it was filed more than one year after the statute of limitations expired and may be dismissed.

Equitable tolling is available when a movant has diligently pursued his rights and extraordinary circumstances exist, which prevented timely filing. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, again, the conviction became final in June 2013 and this Motion was not filed until June 2016. Petitioner claims ignorance of the law as reason for the untimeliness of the § 2255 motion. (Doc. 1 at 10.) Petitioner identified that the Supreme Court has "never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005). (Doc. 9 at 3-4.) While Petitioner acknowledges, yet disagrees with Supreme Court precedent, this Court is nonetheless bound by it. The Court agrees with the R&R that Petitioner has presented no evidence that extraordinary circumstances stood in his way from 2014 (when the statute of limitations expired) to 2016 (when Petitioner took action on his case). Accordingly, having considered equitable tolling, the Court continues to find the Motion untimely.

An evidentiary hearing should be granted when a Movant "makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.' " *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003)).

Petitioner objects the R&R's conclusion that an evidentiary hearing is not warranted, albeit acknowledging his failure to make a showing that would warrant tolling. (Doc. 9 at 5.) Petitioner relies on his inability to express himself on paper as reason for the evidentiary hearing regarding equitable tolling. (Doc. 9 at 6.) Since no good-faith allegation is made that would entitle Petitioner to equitable tolling, this Court continues to find the motion untimely, and agrees with the R&R that no evidentiary hearing is necessary.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 8) is accepted and adopted; Petitioner's objections (Doc. 9) are overruled; Petitioner's motion to vacate, set aside, or correct sentence (Doc. 1) is denied and dismissed with prejudice; and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability, because dismissal of the motion is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 5th day of June, 2017.

James A. Teilborg
Senior United States District Judge